**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE ONCOLOGY ASSOCIATES OF OCEAN COUNTY, LLC, et al., | Civil Action No. 14-228 (MAS) <br><br> **MEMORANDUM ORDER** |

This case arises from the interpleader action based on the deposit of $75,000 with the Court as a result of a settlement reached in an underlying bankruptcy action to which three creditors have asserted an interest. The three creditors are Alan L. Frank (the "Frank Firm") (ECF No. 2), TD Bank, N.A. ("TD Bank") (ECF No. 3), and the United States of America (the "United States") (ECF No. 7). The Court has carefully considered the parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1.

In an underlying bankruptcy action, Barbara Schneider reached a settlement with the bankruptcy trustee appointed to oversee her former employer's Chapter 11 bankruptcy. The Honorable Michael B. Kaplan, U.S.B.J., approved the settlement, in the amount of $75,000; however, the three creditors claimed an interest in the proceeds to Schneider. The parties could not reach an agreement as to how the funds should be distributed, and as a result, Judge Kaplan ordered that the funds be deposited with the District Court. On or about July 3, 2014, the bankruptcy trustee deposited $75,000 with the District Court.[1] (ECF No. 1.)

The Frank Firm asserts it has been assigned the right to collect the $75,000 and the Court should enforce an attorney's fees lien on the funds pursuant to N.J.S.A. 2A:13-5. The United States argues the funds should be paid to it, as its federal tax lien has a higher priority than the

---

[1] On April 23, 2015, this case was reassigned to the Undersigned. (ECF No. 9.)

other creditors' interests. TD Bank argues that it has an interest in the funds based on a writ of execution but does not argue that its priority is higher than that of the United States.

While an attorney's lien can trump a federal tax lien, it can only do so to the extent that the lien exists under local law. 26 U.S.C. § 6323(b)(8). Further, the transfer of property by assignment subsequent to the attachment of a lien does not affect the lien, but instead is made subject to the lien. *See United States v. Bess*, 357 U.S. 51, 57 (1958). Under New Jersey law, "an attorney's right to assert an attorney's lien against any proceeds derived from that attorney's services comes into existence at the time the attorney commences services on behalf of that client." *Hoffman & Schreiber v. Medina*, 224 B.R. 556, 563 (D.N.J. 1998). However, an attorney who wants to assert an attorney's lien must file a petition with the court and issue a pre-action notice to the client. *See Cole, Schotz, Bernstein, Meisel & Forman, P.A. v. Owens*, 292 N.J. Super. 453, 459 (App. Div. 1996). If these procedural requirements are not satisfied, "the right to an attorney's lien remains unperfected." *Hoffman & Schreiber*, 224 B.R. at 564.

Here, the United States filed its notice of federal tax liens in 2010 and 2012. The Frank Firm executed an assignment with Schneider for its attorney's fees on November 11, 2013, and executed an amended assignment on February 11, 2014. The Frank Firm has not shown that it has satisfied the procedural requirements to perfect its attorney's fees lien under N.J.S.A. 2A:13-5. Therefore, the Frank Firm only holds an assignment that is subject to the United States' tax lien. Additionally, in November 2013, TD Bank obtained a judgment against Schneider and served a writ of execution in June 2014. Accordingly, as the United States obtained its lien first, it has a higher priority than TD Bank's interest.

Accordingly, for the reasons set forth above, and other good cause shown,

**IT IS** on this 10th day of June 2015, **ORDERED** that:

1. The United States' application for the funds is GRANTED, and the Frank Firm and TD Bank's applications are DENIED; and

2. The United States shall prepare and submit an appropriate form of order.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**